SHIVERS, Judge.
Appellant, South Broward Citizens for a Better Environment, Inc., brings this appeal from a final order of the Electrical Power Plant Siting Board implicitly adopting the Hearing Officer’s denial of appellant’s motion to dismiss. We affirm.
The administrative proceedings which led to the filing of appellant’s motion to dismiss began on April 8,1985, when appellee, South Broward County Resource Recovery Project, Inc., filed an application with the Department of Environmental Regulation for electrical power plant site certification, pursuant to Chapter 403, Florida Statutes. Appellant became a party to the certification proceedings by filing, on May 10,1985, a notice of intent to participate as a party under section 403.508(4)(b)3. On November 21, 1985, the next to last day of a certification hearing lasting several days, Citizens filed a motion to dismiss the application on the basis that appellee was not a proper applicant. The Hearing Officer entered an order denying the motion to dismiss on November 21, 1985, and an order recommending the granting of appellee’s certificate on April 8, 1986. In June 1986, the siting board entered its final order adopting the recommended order, with clarifications.
Since we find Citizens’ motion to dismiss to have been untimely filed, we need not address the merits of the motion. According to Rule 28-5.205, F.A.C., motions in opposition to a petition (including motions to dismiss) “shall be filed within 20 days of service of the petition.” (emphasis supplied) The corporation’s application, which was filed on April 8, 1985, meets the definition of “petition” found in Rule 28-5.201, F.A.C., which includes “any application or other document which expresses a request for formal proceedings.” The motion to dismiss in this case was filed more than seven months after the petition was served. Even assuming the 20-day deadline to have run from the date appel *11 lant became a party to the certification proceedings (May 10, 1985), the motion was untimely by several months. Appellant’s argument that the motion to dismiss went to the Board’s subject matter jurisdiction and, therefore, could be filed at any time, is without merit. The issue raised in the motion did not involve the Board’s authority to approve or deny certification for electrical power plants, but instead clearly involved the propriety of the corporation as an applicant. Further, we note that appellant failed to identify the corporation’s standing to apply for site certification as an issue in the joint prehearing stipulation, entered into on October 31, 1985.
Accordingly, the final order of the siting board, implicitly approving the Hearing Officer’s denial of appellant’s motion to dismiss, is hereby affirmed.
SMITH and ZEHMER, JJ., concur.